COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


CHEWNING & WILMER CONSTRUCTION
AND
PHOENIX INSURANCE COMPANY

                                      MEMORANDUM OPINION* BY
v.   Record No. 0993-99-2            JUDGE NELSON T. OVERTON
                                        JANUARY 27, 2000
CORINTHIA D. CRUMP


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Warren H. Britt (Michael P. Del Bueno;
            Britt & Gnapp, on brief), for appellants.

            Gerald G. Lutkenhaus for appellee.


     Chewning & Wilmer Construction and its insurer (hereinafter

referred to as "employer") appeal a decision of the Workers'

Compensation Commission (commission) awarding temporary total

disability benefits to Corinthia D. Crump (claimant) for the

period from April 20, 1998 through June 17, 1998 and temporary

partial disability benefits commencing June 18, 1998 and

continuing.  Employer contends that the commission erred in

finding that it failed to prove that claimant was terminated for

justified cause from selective employment on January 28, 1998,

thereby barring her from receiving benefits under the Workers'

─────────────────────

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Compensation Act.  Finding no error, we affirm the commission's decision.

> When a disabled employee is discharged from selective employment, the "inquiry focuses on whether the claimant's benefits may continue in light of [the] dismissal." An employee's workers' compensation benefits will be permanently forfeited only when the employee's dismissal is "justified," the same as any other employee who forfeits her employment benefits when discharged for a "justified" reason.

Eppling v. Schultz Dining Programs, 18 Va. App. 125, 128, 442 S.E.2d 219, 221 (1994) (quoting Richmond Cold Storage Co. v. Burton, 1 Va. App. 106, 111, 335 S.E.2d 847, 850 (1985)).  "The reason for the rule is that the wage loss is attributable to the employee's wrongful act rather than the disability."  Timbrook v. O'Sullivan Corp., 17 Va. App. 594, 597, 439 S.E.2d 873, 875 (1994).

An employee's "wrongful act" is the linchpin for a "justified" discharge--one which warrants forever barring reinstatement of workers' compensation benefits.  See Eppling, 18 Va. App. at 128-29, 442 S.E.2d at 221-22.  Simply identifying or assigning "a reason attributable to the employee as the cause for his or her being discharged" is not sufficient to establish a forfeiture of benefits.  Id. at 128, 442 S.E.2d at 221.

In the present case, the commission found that "the evidence fails to establish that claimant was terminated for

-

justified cause such as to preclude her from receiving further compensation benefits." That finding involves a mixed question of law and fact reviewable on appeal. See Helmick v. Economic Development Corp., 14 Va. App. 853, 855, 421 S.E.2d 23, 24 (1992). However, we are bound by the commission's underlying findings of fact if credible evidence supports them.

The commission found that the evidence established that claimant's absences were due to her need for medical attention and physical therapy or because she was unable to work due to back pain which was related to her compensable injury by accident. The commission further found that claimant did not fail to report her absences to employer and that prior to her termination date, employer had never reprimanded or warned claimant regarding her absenteeism.

The commission's factual findings are amply supported by claimant's unrebutted testimony, employer's records, and the medical records. As fact finder, the commission was entitled to conclude that claimant's testimony regarding the reasons for her absences and the circumstances surrounding her notification to employer of those absences was credible. Based upon the commission's factual findings, it could reasonably conclude that claimant was not terminated for a justified cause as required for a termination of benefits.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>